UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES

    -v-

CESAR AMBERTH,
                          Defendant.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/26/2015

05 Cr. 1082 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    On March 10, 2015, the Court received a letter motion from defendant Cesar Amberth, who is currently incarcerated, requesting that the Court issue an order granting Amberth immediate deportation. Dkt. 90. For the following reasons, Amberth's motion is denied.

**I.    Background**

    In April 2009, Amberth was sentenced to 135 months' incarceration. Dkt. 58. To date, he has served part of his sentence. Acting *pro se*, Amberth now requests immediate deportation under 8 U.S.C. § 1252(h)(2)(A), a prior version of a provision now codified at 8 U.S.C. § 1231(a)(4). Dkt. 90. Amberth states that he is a non-violent criminal offender and thus is among the class of individuals eligible to be deported before the completion of their sentence of imprisonment. *Id.*

**II.    Discussion**

    Amberth is correct that some individuals may be deported before completing their sentence of imprisonment. However, the Court lacks the power to order that which Amberth seeks. Under 8 U.S.C. § 1231(a)(4), "*the Attorney General* has the discretion to remove an alien before the alien has completed his sentence of imprisonment, subject to certain conditions. However, § 1231(a)(4)(D) explicitly states that the provision does not create a private right of

action against any official of the United States to compel the release or removal of any alien."

*United States v. Gomez*, No. 02 Cr. 790 (JGK), 2008 WL 5062697, at *1 (S.D.N.Y. Nov. 10, 2008) (emphasis added).[1] "Thus, while the statute gives the Attorney General discretion to

---

[1] The text of the relevant statutory provision states:

> **(4) Aliens imprisoned, arrested, or on parole, supervised release, or probation**
> **(A) In general**
> Except as provided in section 259(a) of title 42 and paragraph (2), the Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment.  Parole, supervised release, probation, or possibility of arrest or further imprisonment is not a reason to defer removal.
>
> **(B) Exception for removal of nonviolent offenders prior to completion of sentence of imprisonment**
> *The Attorney General is authorized to remove an alien in accordance with applicable procedures under this chapter before the alien has completed a sentence of imprisonment—*
> >   (i) in the case of an alien in the custody of the Attorney General, if the Attorney General determines that
> > > (I)   the alien is confined pursuant to a final conviction for a nonviolent offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101 (a)(43)(B), (C), (E), (I), or (L) of this title) and
> > > (II)  the removal of the alien is appropriate and in the best interest of the United States; or
> >   (ii) in the case of an alien in the custody of a State (or a political subdivision of a State), if the chief State official exercising authority with respect to the incarceration of the alien determines that
> > > (I)   the alien is confined pursuant to a final conviction for a nonviolent offense (other than an offense described in section 1101(a)(43)(C) or (E) of this title),
> > > (II)  the removal is appropriate and in the best interest of the State, and
> > > (III) submits a written request to the Attorney General that such alien be so removed.
>
> * * *
>
> **(D) No private right**
> No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1231(a)(4) (emphasis added).

initiate deportation proceedings for non-violent offenders who are incarcerated, it does not give an incarcerated alien a right to be deported nor any cause of action to require the Attorney General to exercise her discretion." *Tapia-Garcia v. United States*, 53 F. Supp. 2d 370, 386 (S.D.N.Y. 1999). As such, there is "no basis" for the Court to order Amberth's early removal from the United States. *Gomez*, 2008 WL 5062697, at *1; *accord de Jesus Calle v. I.N.S.*, No. 03 Civ. 5566 (SJ), 2004 WL 825598, at *1 (E.D.N.Y. Apr. 6, 2004) ("Although it is possible that under 8 U.S.C. § 1231(a)(4)(B) an alien could receive early removal prior to the completion of a sentence of imprisonment by decree of the Attorney General, this is a discretionary determination over which the Court has no jurisdiction. There is no private right to compel deportation prior to the completion of a sentence of incarceration.").

However, the Court directs the Government to send Amberth a letter, if it has not yet done so, "explain[ing] the process by which [he] may seek early removal." *Gomez*, 2008 WL 5062697, at *1.

## CONCLUSION

For the foregoing reasons, Amberth's motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket number 90.

SO ORDERED.

*Paul A. Engelmayer*

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 26, 2015
       New York, New York